## J. L. Dowdy v. The State.

CONTINUANCE. — In revising the refusal of a continuance asked on account of
the absence of a witness, the evidence adduced at the trial is considered
by this court for the purpose of determining whether the desired testi-
mony was probably true, as well as whether it was material if true. Note
the state of proof held sufficient in this case to show that the desired testi-
mony, though ostensibly material, was not probably true.

APPEAL from the District Court of San Saba. Tried
below before the Hon. W. A. BLACKBURN.

The indictment charged the appellant with an assault
with intent to murder one R. W. Thomas. The jury found
him guilty, and assessed his punishment at two years in the
penitentiary.

The opinion states the facts relevant to the ruling made.

*Townes & Burleson*, and *D. H. Triplett*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Application for continuance or postpone-
ment of the trial to a subsequent day of the term was made
by defendant to enable him to procure the attendance of his
witness J. R. Meachum, by whom he expected to prove
that one Griffin, and not defendant, did the shooting for
which the latter was being prosecuted. This was a first
application, and in all essential particulars was in strict con-
formity with the requirements of the statute. Code Cr.
Proc., art. 560. It was overruled by the court, and when
it was considered in connection with the evidence in the
case on the motion for a new trial, was again held insuffi-
cient, the new trial being refused. There can be no doubt
of the materiality of the testimony, if the facts stated could
have been proven and were probably true.

In determining the correctness of such ruling, this court
is governed by the same rule which controls the court below

in passing upon the motion for a new trial, viz. : " That, should an application for a continuance be overruled and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a material character, *and that the facts set forth in said application were probably true*, a new trial should be granted." Code Cr. Proc., art. 560, subd. 6 ; *Willison* v. *The State*, 7 Texas Ct. App. 400 ; *Reynolds* v. *The State*, 8 Texas Ct. App. 493.    The materiality of the evidence must not only be shown, but the probability of its truth must also appear.

Now, what are the facts as exhibited in the record before us?   Seven witnesses testified, and not a single one corroborates the statement that Griffin shot, or was in any manner concerned in the shooting.   It is proven, on the other hand, that the absent witness, Meachum, commenced the difficulty, and that after firing upon Thomas, when the latter returned his fire and shot him in the arm, he turned and fled from the house.   After he had fled, the assault for which appellant was convicted was made, and two witnesses swear positively that the appellant did the shooting.

Now, is it probably true that the wounded and flying Meachum, who was outside the house, could have seen and known that Griffin, and not the defendant, did the shooting?   We think not ; and the court, in our opinion, did not err in refusing the new trial.

There is no other question requiring notice, and, no error appearing, the judgment is affirmed.

*Affirmed.*